```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

DEMETRIUS ROBERTSON                              CIVIL ACTION

VERSUS                                           NUMBER: 13-0418

SHERIFF JACK STRAIN,                             SECTION: "I"(5)
ST. TAMMANY PARISH JAIL

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the application for writ of habeas corpus of petitioner, Demetrius Robertson. Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Robertson's petition be dismissed without prejudice.

Petitioner Robertson is a state prisoner who is presently incarcerated at the St. Tammany Parish Jail. Robertson indicates on the face of his petition that his incarceration results from his February 8, 2012 plea-based conviction to being a parole violator in the Twenty-Second Judicial District Court for the Parish of St. Tammany. (Pet. at p. 1). Robertson further indicates on the face of his petition that he did not appeal his parole violation conviction and that he has not previously filed any other petitions, applications, or motions pertaining to his conviction in any state court. (Id. at pp. 2-3). By way of his present petition, Robertson complains that his court-appointed counsel failed to inform the judge that his guilty plea was being made

pursuant to an agreement with the State whereby he would receive a concurrent sentence rather than the consecutive sentence that he actually received. (Id. at p. 5). Robertson further alleges that he was discriminated against because of the nature of the crime and that the two-year sentence that he received for the parole violation should have already expired. (Id. at p. 7).

Because Robertson challenges actions that arose out of a process issued by the state court, his claims arise under 28 U.S.C. §2254. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). Before addressing the merits of Robertson's claims, the Court must first determine if he has exhausted available state court remedies as required by 28 U.S.C. §2254(b)(1)(A). Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982).[1] The exhaustion requirement is satisfied only where the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied. 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Robertson indicates on the face of his petition that he did

---

[1] Even if Robertson's petition was construed as a proceeding brought under 28 U.S.C. §2241 regarding the revocation of his parole he would still have to exhaust state court remedies as a condition precedent to this Court's review. Thomas v. Parker, No. 07-CV-3467, 2007 WL 3353235 at *1 (E.D.La. Nov. 7, 2007); Bernard v. Hunter, No. 04-CV-3491, 2006 WL 2506140 at *2 (E.D.La. Aug. 29, 2006).

not directly appeal his conviction and that he has not previously filed any other petitions, applications, or motions respecting his conviction in any state court.  The Court's independent research has revealed no reported decisions involving Robertson at the Louisiana Supreme Court level.  Because Robertson has failed to exhaust the remedies that are available to him under state law, it will be recommended that his petition be dismissed without prejudice.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Demetrius Robertson be dismissed without prejudice for failure to exhaust available state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

3

New Orleans, Louisiana, this  8th  day of _____March_____, 20 13 .

```
                            _____
                                   ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE
```